IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                           No. CR 05-1264 JB

ARTURO PEREZ-ALCATAN
a/k/a ARTURO CASTILLO-PEREZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss for Violation of Speedy Trial Act, filed June 10, 2005 (Doc. 10). The Court held a hearing on this motion on July 6, 2005. The primary issue is whether the Court should dismiss the case against Defendant Arturo Perez-Alcatan with prejudice. Because the three factors that Congress requires the Court to consider counsel that the dismissal should be without prejudice, the Court will grant the motion to dismiss the case, but will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Perez-Alcatan, an alien, was deported on or about December 15, 1998. He was arrested on April 28, 2005 in Bernalillo County. The Complaint charged him with violating 8 U.S.C. §§ 1326(a)(1) & (2) and (b)(2). Perez-Alcatan is charged with re-entry after conviction for an aggravated felony, which carries a sixteen-level enhancement. The underlying aggravated felony is voluntary manslaughter.

The Honorable Don Svet, United States Magistrate Judge, scheduled a detention and preliminary hearing for May 2, 2005. At that hearing, Perez-Alcatan chose to waive the detention

hearing, see (Doc. 6), and the preliminary hearing, see (Doc. 7), but did not waive presentment to the Grand Jury. Thirty days from Perez-Alcatan's arrest was May 26, 2005. That date has passed. Perez-Alcatan has not done anything to thwart the United States in obtaining an indictment against him. Perez-Alcatan moves the Court for an order dismissing Complaint 05-M-255, currently pending against him. Perez-Alcatan asks the Court to order the United States Marshals Office to release him. After Perez-Alcatan filed his motion, a grand jury indicted him on June 14, 2005.

## LAW REGARDING THE SPEEDY TRIAL ACT

"'The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings.'" United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)). The Speedy Trial Act, 18 U.S.C. § 3161(b) reads:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Section 3162(a)(1) of the Act sets out the sanctions when the government has not filed an indictment or information within the time limit that § 3161(b) requires:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

In United States v. Cano-Silva, 402 F.3d 1031 (10th Cir. 2005), the United States Court of Appeals for the Tenth Circuit stated:

> The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations. Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation.

Id. at 1035.

> While dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice.  In determining whether to dismiss with or without prejudice, the court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

Id. at 1034 (quoting 18 U.S.C. § 3162(a)(2))(internal citations omitted).  In addition, the Supreme Court of the United States has suggested that the trial court should also consider, when determining whether to dismiss an indictment with prejudice, the prejudice to the defendant that a Speedy Trial violation delay has caused.  See United States v. Taylor, 487 U.S. 326, 333-34 (1988).

"It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." United States v. Taylor, 487 U.S. 326, 342 (1988).  "Preindictment delay that rises to a constitutional violation requires dismissal of the indictment with prejudice to retrial." United States v. Johnson, 120 F.3d 1107, 1110 n.2 (10th Cir. 1997)(citing United States v. Marion, 404 U.S. 307, 324 (1971)(finding no speedy trial violation when defendant was not "subjected to formal restraint prior to indictment")).  "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the government, dismissal with prejudice is the appropriate remedy." United

-3-

States v. Saltzman, 984 F.2d at 1093.  See United States v. Johnson, 120 F.3d at 1112 ("Ms. Johnson bears no responsibility for the circumstances leading to the Speedy Trial Act violation, and [] she properly asserted her rights under the Act.").  In United States v. Johnson, one aspect of the Speedy Trial Act violations that troubled the court was the relatively uncomplicated nature of the offense. See id.

## ANALYSIS

The indictment does not moot Perez-Alcatan's motion.  Perez-Alcatan argues that the Court should dismiss the case against him with prejudice and that to grant dismissal without prejudice would sanction the United States' conduct and undermine the Act.  The United States regrets the undue delay in Perez-Alcatan's right to speedy indictment and also appreciates this delay effects not only Perez-Alcatan's rights, but also society's rights and interest in speedy disposition of criminal cases. The United States concedes the appropriate remedy is dismissal, but contends it should be without prejudice.

As the Act directs, the Court has looked to three factors in deciding whether it should dismiss a case in this situation with or without prejudice.

### 1.    Seriousness of the Offense.

Perez-Alcatan contends that the offense with which he is accused is not a serious offense.  He argues that re-entry is basically a trespass offense, is not a violent crime, and does not involve weapons or controlled substances.  The Court should not, however, bring its own subjective belief about what is serious, but should look, as best it can, to what the democratically elected branches of government consider serious.

The sixteen-level enhancement is among the largest in the Sentencing Guidelines, which

signals an intent to consider this crime a serious one.  Similarly, an offense level of 24 is in Zone D of the Sentencing Table, which makes it one of the more serious offenses.  For a Zone D offense, the Sentencing Guidelines do not authorize a sentence of probation, see U.S.S.G. § 5B1.1 n.2, and the minimum term of imprisonment must be satisfied without the use of any of the imprisonment substitutes, see id. at § 5C1.1(f).  Moreover, Congress is hiring more and more border agents and United States Attorneys to slow the flow of illegal immigration and to apprehend those who are already felons.  As long as Congress considers secure borders a priority, this court should not conclude re-entry of aggravated felons to not be a serious crime.

Congress considers re-entry of felons to be a serious crime.  Moreover, it offends societal interests to see its judicial orders not followed.  When compared to the seriousness of this crime, the severity of the delay is slight.  See United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000)(indicating the seriousness of the offense must be weighed against the severity of the delay). This factor favors a dismissal without prejudice.

**2.     Facts and Circumstances that Led to This Situation.**

Most immigration cases in which a defendant waives the preliminary hearing and detention hearing also entail a waiver of presentment to the Grand Jury to secure a Fast Track plea agreement. Perez-Alcatan, however, chose to waive the detention hearing and the preliminary hearing, but not presentment to the Grand Jury.

The United States represents that, as a result of this unique situation, the case file cover was ambiguously annotated "waiver," which the United States Attorney's staff incorrectly interpreted to mean everything had been waived, including timely presentment to the Grand Jury, which is the norm. As a result of the ambiguous case file annotation, the United States Attorney's staff placed the case

in the wrong stack of cases for processing and did not prepare the case for timely presentment.  The United States is fully culpable for what happened, but its actions were not intentionally delaying.

The delay-producing conduct was an administrative oversight; no bad faith was involved. Given the volume of immigration cases the Court has seen processed, it knows that these situations are the exception and not a pattern of neglect.  Dismissing this case with prejudice will do little to prevent administrative mistakes.  The lack of bad faith counsels against dismissal with prejudice.

3.      **Impact on the Process of Administration of the Speedy Trial Act and on Justice.**

The United States continues to present its cases for indictment in a timely manner; dismissal with prejudice would not improve the professional efforts already in place in adhering to the Speedy Trial Act.  Dismissal with prejudice would not favorably impact the administration of justice, because the error was inadvertent.  Moreover, the delay has not provided the United States with a tactical advantage.

Perez-Alcatan has not alleged any actual prejudice in his ability to defend himself.  He has no legal status in the United States, so the United States would detain him even if the Court were to dismiss his case with prejudice.  This factor also counsels that the Court dismiss this case without prejudice.

**IT IS ORDERED** that the Defendant's Motion to Dismiss for Violation of the Speedy Trial Act is granted in part and denied in part.  The pending case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney for the
      District of New Mexico
Bill Pflugrath
Norman Cairns
Nelson Spear
   Assistant United States Attorneys
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Margaret A. Katze
   Assistant Federal Public Defender
Albuquerque, New Mexico

       *Attorney for the Defendant*